UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

MICHEL TOLIVER,                          :

            Plaintiff,               :        <u>MEMORANDUM AND ORDER</u>

       -against-                      :        **10 Civ. 3165 (PAC)(MHD)**

SOMU DETECTIVE ALMO SANCHEZ PERRI, :
<u>et</u> <u>al.</u>,
                                          :
            Defendants.
------------------------------------x
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/6/11

       Before the court is defendants' request to revoke plaintiff's

<u>in</u> <u>forma</u> <u>pauperis</u> status pursuant to 28 U.S.C. § 1915(g), the

"three strikes" provision of the Prison Litigation Reform Act

("PLRA"). (<u>See</u> Dec. 20, 2010 letter to the Court from Ass't Corp.

Counsel Bradford C. Patrick). Because we find that plaintiff has

only one "strike" as defined in section 1915(g), we deny

defendants' request without prejudice to renewal should two or more

of plaintiff's currently pending actions in this court be dismissed

as frivolous, malicious, or failing to state a claim upon which

relief may be granted.


       The "three strikes" provision of the PLRA provides:


       In no event shall a prisoner bring a civil action or
       appeal a judgment in a civil action or proceeding under

1

this section if the prisoner has, on 3 or more prior
occasions, while incarcerated or detained in any
facility, brought an action or appeal in a court of the
United States that was dismissed on the grounds that it
is frivolous, malicious, or fails to state a claim upon
which relief may be granted, unless the prisoner is under
imminent danger of serious physical injury.

28 U.S.C. § 1915(g); cf. Fed. R. Civ. P. 12(b)(6). There is no

dispute that the plaintiff in this action is a "prisoner" for

purposes of section 1915(g), as he is presently incarcerated at the

Five Points Correctional Facility in Romulus, New York. (See Letter

from Michel Toliver to the Court, Oct. 30, 2010; see also 28 U.S.C.

§ 1915(h) (defining "prisoner" for purposes of section 1915)).

Hence we must determine whether, while incarcerated, he has

previously filed three civil actions (or appeals) which have been

dismissed as frivolous, malicious, or failing to state a claim upon

which relief may be granted.


Defendants cite four cases previously filed by the plaintiff,

and assert that each was dismissed for failure to state a claim

upon which relief could be granted. In one instance, defendants are

correct that plaintiff's claim was dismissed under Rule 12(b)(6).

See Toliver v. Dep't of Corr., 07 Civ. 3017 (KMW) (Order of

Dismissal, Apr. 17, 2007, at 2 (S.D.N.Y.) ("[T]he complaint . . .

is dismissed because it fails to state a claim on which relief may

be granted.").

2

In each of the three other cases, however, plaintiff's complaint was dismissed, not because he failed to state a claim upon which relief could be granted, but because he failed to amend his complaint within a certain time period, as ordered by the court. See Toliver v. Dep't of Corr., 07 Civ. 4539 (KMW) (Order, Sept. 11, 2007) (S.D.N.Y.) ("By order dated May 30, 2007, plaintiff was directed to file an amended complaint with this Court within 60 days. Since plaintiff has failed to file an amended complaint as specified . . . the complaint is dismissed."); Toliver v. New York City Police Dep't, 07 Civ. 4575 (KMW) (Order, Sept. 11, 2007) (S.D.N.Y.) ("By order dated May 31, 2007, plaintiff was directed to file an amended complaint with this Court within 60 days. Since plaintiff has failed to file an amended complaint as specified . . . the complaint is dismissed."); Toliver v. New York City Police Dep't, 07 Civ. 5877 (KMW) (S.D.N.Y.) (Order, Sept. 11, 2007) ("By order dated June 21, 2007, plaintiff was directed to file an amended complaint with this Court within 60 days. Since plaintiff has failed to file an amended complaint as specified . . . the complaint is dismissed."). Each of these orders cited to 28 U.S.C. § 1915(e)(2)(B)(ii), a section of the PLRA that refers to dismissal when a complaint "fails to state a claim on which relief may be granted." Nonetheless, it appears clear from the text of the orders that each of these three cases was dismissed because plaintiff

3

failed to amend his complaint as directed by the court. Fairly construed, this type of dismissal is best characterized as resting on a failure to prosecute a pending action rather than a failure to state a claim.[1]

While the Second Circuit has not addressed whether dismissal for failure to prosecute counts as a strike, this and other courts in this Circuit have declined to find that such a dismissal constitutes a strike. See Toliver v. New York City Dep't of Corr., 10 Civ. 0822 (RJS) (RLE) (Order, Dec. 21, 2010) (S.D.N.Y.); Toliver v. New York City Dep't of Corr., 10 Civ. 6666 (RJS) (RLE) (Order, Dec. 21, 2010) (S.D.N.Y.); Kalwasinski v. McCraken, 2009 WL

---

[1] We recognize that the apparent context of these dismissals leaves some definitional dispute regarding the nature of the dismissal. In each of these cases the plaintiff submitted a proposed pro se complaint, which was reviewed by the Pro Se Clerk of the Court, who found it wanting, and as a result the then-Chief Judge issued an order directing that the complaint be filed and then dismissed for failure to state a claim, but with the proviso that the plaintiff could file an amended complaint within sixty days since it appeared that he might be able to plead claims that would pass muster under Rule 12(b)(6). In each instance plaintiff did not file an amended complaint within the specified time, and as a result the case was dismissed.

It is true that in each case the original complaint was found legally inadequate and therefore dismissed, but the case was not itself dismissed until after the plaintiff had failed to comply with the court's directive to file a corrected pleading within 60 days. We therefore view the dismissal of each of these cases -- as distinguished from the dismissal of the initial complaint -- as being premised, in substance, on a failure to prosecute.

4042973, at *4 (W.D.N.Y. Nov. 19, 2009) ("the Court is not aware of
any support for finding a "strike" based upon a failure to
prosecute."); Harry v. Doe, 2009 WL 2152531, at *2 (E.D.N.Y. Jul.
17, 2009) ("the Court considers it unlikely that the dismissal for
failure to prosecute would count as a strike"). Moreover, at least
two other Circuits have ruled that dismissal for failure to
prosecute is not a strike. See Torns v. Mississippi Dep't of
Corrections, 317 Fed. Appx. 403, 404 (5th Cir. 2009); Butler v.
Dep't of Justice, 492 F.3d 440, 443 (D.C. Cir. 2007).


     In Butler, the District of Columbia Court of Appeals examined
the three grounds upon which dismissals count as "strikes" under
the relevant provision of the PLRA. It first noted that a dismissal
"for failure to state a claim on which relief may be granted"
clearly refers to dismissals under Rule 12(b)(6), which it found
was not implicated in a dismissal for failure to prosecute. 492
F.3d at 443. The court in Butler also determined that dismissal for
failure to prosecute "does not rest on the merits of a claim," in
contrast to a dismissal on the grounds that the case is frivolous,
which is "based on the utter lack of merit of an action or appeal."
Id. Finally, the court held that dismissal for failure to prosecute
does not "fit[] appropriately within the statutory category of a
dismissal 'on the ground [] that it is . . . malicious.'" Id. Given

the existence of "non-malicious reasons why a prisoner may fail to prosecute a matter, including transfer to another facility and sickness," the court in <u>Butler</u> held that dismissal for failure to prosecute was not dismissal of an action as "malicious", and therefore did not fall within the categories enumerated by the PLRA. <u>Id.</u>

The court in <u>Butler</u> also noted a Supreme Court case, <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989), decided under an earlier version of the <u>in forma pauperis</u> statute. "At the time, the <u>in forma pauperis</u> statute authorized 'federal courts to dismiss a claim filed <u>in forma pauperis</u> if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" <u>Butler</u>, 492 F.3d at 444 (quoting <u>Neitzke</u>, 490 U.S. at 324 (1989)). In <u>Neitzke</u>, prison officials urged the Supreme Court to adopt a <u>per se</u> rule that dismissals under Rule 12(b)(6) were frivolous. The Court declined to do so, reasoning that it could not, as a matter of statutory construction, conclude that complaints filed <u>in forma pauperis</u> were frivolous because they failed to state a claim. <u>Id.</u> (quoting <u>Neitzke</u>, 490 U.S. at 331).

As the Court of Appeals noted in <u>Butler</u>, "[h]ad Congress wanted to include dismissals for failure to prosecute among the

6

strikes listed in § 1915(g), it could have done so." Id. (citing Tafari v. Hues, 473 F.3d 440, 443 (2d Cir. 2007). Since Congress did not include dismissals for failure to prosecute in the categories of strikes listed in the PLRA, we cannot count such dismissals as strikes in this case.[2]

We find the reasoning of Butler and the other cases that have declined to count dismissals for failure to prosecute as "strikes" persuasive, and hence conclude that plaintiff has only one strike for purposes of the PLRA. We therefore deny the City's motion to revoke his in forma pauperis status.

_____

[2] The court in Butler also noted that litigation by prisoners who file numerous suits and fail to prosecute them could constitute a burden to the courts, and suggested that the solution to this problem "lies in exercising our discretionary authority to deny [in forma pauperis] status to prisoners who have abused the privilege." Butler, 492 F.3d at 444. It then examined previous cases where the Supreme Court had denied in forma pauperis status to litigants, and decided to "examine the number, content, frequency, and disposition of [the appellant's] previous filings to determine if there is a pattern of abusing the [in forma pauperis] privilege in his litigation history. Id. at 445-46 (citing cases). It went on to deny the appellant in forma pauperis status. Id. at 446-47. In each case examined by the Butler court, however, the litigant in question had filed at least twenty-five actions or appeals within the preceding three to four years. Mr. Toliver may be well on his way to filing that number of cases, but he is not there yet. We therefore decline to exercise our discretion in favor of revoking his in forma pauperis status.

CONCLUSION


There is no doubt that the plaintiff in this action is a serial litigant. (See Defs.' Letter to the Court, Nov. 3, 2010, at p.3 n.3 (listing nine cases filed by the plaintiff in 2010)). He has not, however, accumulated enough "strikes" under the PLRA to lose his capacity to request, and receive, in forma pauperis status. He may do so in the future, at which point defendants are free to renew their motion; but until that time, it is denied.


Dated: New York, New York
       January 5, 2011


                    SO ORDERED.


                    _____
                    MICHAEL H. DOLINGER
                    UNITED STATES MAGISTRATE JUDGE

8

Copies of the foregoing Order have been sent today to:

Bradford C. Patrick, Esq.
Assistant Corporation Counsel
New York City Law Department
100 Church St.
New York, NY 10007
(212) 788-9776

Michel Toliver
10-A-4565
Five Points Correctional Facility
P.O. Box 119
Romulus, NY 14541