```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 18, 2011

MICHEL TOLIVER,                                  :

                Plaintiff,           :                    ORDER ADOPTING R&R

      -against-                                      :

                                                            10 Civ. 3165 (PAC) (JCF)

                                      :

THE CITY OF NEW YORK, et al.,

               Defendants.        :

------------------------------------------------------X

MICHEL TOLIVER,                                  :

                Plaintiff,           :                    10 Civ. 6619 (PAC) (JCF)

      -against-                                      :

                                         :

THE CITY OF NEW YORK, et al.,

               Defendants.        :

------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

      Pro se petitioner Michel Toliver ("Toliver") brings these 42 U.S.C. § 1983 ("Section 1983") actions against the New York City Police Department ("NYPD"), the NYPD's 20th Precinct, the NYPD's Sex Offender Monitoring Unit ("SOMU"), and NYPD Detectives Ellen Seeliger Chang, Patrick Perri, Jose Olmo, Lisa-Marie Newkirk, James Donohue, Carlos Sanchez, George Foutoulakis, and multiple John/Jane Does (collectively, the "City Defendants"); the State of New York and the New York State Division of Criminal Justice Services (the "State Defendants"); and the New York County District Attorney's Office, along with Assistant District Attorneys Marcy Chelemow, Jennifer Lowry, Florence Chapin, Heather Buchanon, and Amy Belger (the "DA Defendants"). Toliver alleges that he

1

was subject to false arrest and malicious prosecution on four separate occasion—in 1998, 2004, 2005, and 2009—arising out of his alleged failure to register as a sex offender in violation of the Sex Offender Registration Act, N.Y. Correct. Law § 168 et seq. ("SORA").

Each group of defendants moved to dismiss Toliver's complaints. Toliver made three requests to amend his complaints. On September 15, 2011, Magistrate Judge James C. Francis IV issued a Report and Recommendation ("R&R") recommending that the State Defendants and DA Defendants' motions to dismiss be granted in their entirety and that the City Defendants' motion to dismiss and Toliver's requests to amend each be granted in part and denied in part. Toliver and the City Defendants filed timely objections to the R&R.

The Court has reviewed the R&R and parties' objections. For the reasons that follow, the Court adopts Magistrate Judge Francis's Report and Recommendation in its entirety. The State Defendants and DA Defendants' motions to dismiss are GRANTED in their entirety, and the City Defendants' motion to dismiss and Toliver's requests to amend, are each GRANTED IN PART and DENIED IN PART.

## BACKGROUND[1]

**I. Facts**

Following an earlier conviction, Toliver initially appeared in the sex offender registry in 1995. On August 18, 1998, Toliver pled guilty in New York Criminal Court to charges of possessing burglar's tools in violation of New York Penal Law § 140.35 and failing to register as a sex offender in violation of N.Y. Correct. Law § 168-t. Toliver disputes the validity of this conviction for failure to register as a sex offender. In 2004 and 2005, Toliver was again arrested and charged with failure to register as a sex offender, but these charges were dismissed.

---

[1] Facts are taken from the R&R.

In June 2005, the Honorable Edward J. McLaughlin of New York Supreme Court determined that Toliver was a "Risk Level 3 (High)" sex offender, a designation that requires him to maintain his listing in the sex offender registry for the rest of his life.

In February or March, 2009, Detectives Sanchez and Olmo of the SOMU came to Toliver's apartment and arrested him for failure to register as a sex offender.  Toliver alleges that during this arrest the detectives seized documents from his apartment that were later destroyed.  Following this arrest, Toliver was indicted on four counts of failing to register as a sex offender in violation of N.Y. Correct. Law § 168-f.  He was tried and convicted on all four counts.  Toliver was sentenced to a combined term of twenty-eight months to seven years, which he is currently serving.

**II. Procedural History**

Toliver's first complaint, filed in 10 Civ. 3165 (the "3165 Complaint"), is dated February 21, 2009.[2]  On September 7, 2010, Toliver filed a second complaint in 10 Civ. 6619 (the "6619 Complaint").  In these Complaints, Toliver alleges that he was subject to false arrest and malicious prosecution on four occasions in 1998, 2004, 2005, and 2009, in violation of Section 1983.  Toliver has since filed three proposed amended complaints—one in 10 Civ. 3165 and two in 10 Civ. 6619; he seeks to add both charges and defendants.

On April 28, 2011, Toliver requested that his actions in 10 Civ. 3165 and 10 Civ. 6619 be consolidated.  Magistrate Judge Dolinger granted Toliver's request and held that the defendants' motions to dismiss would be considered with respect to both of Toliver's Complaints.  On July 28, 2011, both cases were transferred to Magistrate Judge Francis, who issued a report and recommendation on September 15, 2011.

---

[2] While Toliver's complaint is dated February 21, 2009, it was not received by the Court's Pro Se office until January 4, 2010.

**III. Magistrate Judge Francis's R&R**

Magistrate Judge Francis first considered the defendants' motions to dismiss and then considered Toliver's requests to amend his Complaints.

  A.  <u>Defendants' Motions To Dismiss</u>

      *1.  Statute of Limitations*

Section 1983 has a three-year limitation period.  <u>See</u> <u>Patterson v. County of Oneida</u>, 375 F.3d 206, 225 (2d Cir. 2004).

Magistrate Judge Francis found that because Toliver dated his first complaint February 21, 2009, that only events occurring on or after February 21, 2006 can be used in support of his Section 1983 claims.  (R&R 9.)  He found that Toliver failed to allege any acts relating to his arrests or prosecutions in 1998, 2004, and 2005 that occurred within this period.  (<u>Id.</u> 10.)

In an attempt to cure this defect, Toliver sought to consolidate his Complaints with an action he filed in this Court in December 2006.  In the 2006 action, Toliver asserted similar claims against similar defendants arising out of his 2004 and 2005 arrests, but the action was dismissed on March 27, 2007 for failure to "comply with the requirements of the Prison Litigation Reform Act of 1995." It has remained closed since that date.  Magistrate Judge Francis determined that Toliver could not consolidate his current claims with his earlier 2006 complaint.  (<u>Id.</u> 11.)  Accordingly, Magistrate Judge Francis recommended dismissal of Toliver's Section 1983 claims arising out of his arrests and prosecutions in 1998, 2004, and 2005.  (<u>Id.</u>)

      *2.  Improper Parties*

Magistrate Judge Francis found that some of the parties named in Toliver's Complaints were not amenable to suit under Section 1983.  (R&R 11-12.)  Specifically, the NYPD, its 20th Precinct, the SOMU, the State of New York, the New York State Division of Criminal Justice Services, and the New York County District Attorney's Office are not amenable to suit under Section 1983.  <u>See</u> <u>Jenkins v. City of New York</u>, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (the NYPD cannot be sued under Section 1983);

4

Emerson v. City of New York, 740 F. Supp. 2d 385, 395-96 (NYPD Precincts cannot be sued under Section 1983); Caroselli v. Curci, 371 Fed. Appx. 199, 202 (2d Cir. 2010) (the State of New York cannot be sued under Section 1983); Abascal v. Bellamy, No. 10 Civ. 1406(LTS)(AJP), 2011 WL 2436931, at *2 (S.D.N.Y. June 8, 2011) (the Division of Criminal Justice Services cannot be sued under Section 1983); White v. Vance, No. 10 Civ. 6142(NRB), 2011 WL 2565476, at *4 (S.D.N.Y. June 21, 2011) (the New York County District Attorney's Office cannot be sued under Section 1983).[3] Accordingly, Magistrate Judge Francis recommended that these parties be dismissed from Toliver's Complaints.

### 3. Malicious Prosecution Claims

Next, Magistrate Judge Francis considered the merits of Toliver's malicious prosecution claims. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to bring a claim for an allegedly unconstitutional conviction or imprisonment, or "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid. Accordingly, to state a malicious prosecution claim under Section 1983, Toliver must show that the prior criminal proceeding was terminated in his favor. Id. at 484 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

Toliver does not allege that his 2009 convictions for failure to register as a sex offender have been invalidated. Magistrate Judge Francis therefore recommended that Toliver's malicious prosecution claims be dismissed. (R&R 14.) Since Toliver's only claims against Ms. Chelemow, Ms. Lowry, Ms. Chapin, Ms. Buchanon, and Ms. Belger relate to his malicious prosecution allegations, Magistrate Judge

---

[3] On April 10, 2011, Toliver wrote a letter to Magistrate Judge Dolinger requesting that The State of New York and The Division of Criminal Justice Services be dismissed from both his Complaints—10 Civ. 6619 and 10 Civ. 3165—because they are not amenable to suit. (See Toliver's April 10, 2011 Ltr.) In a May 2, 2011 letter to the Court, Toliver again stated letter that "Plaintiff consents to a dismissal against only the State of New York and its Agencies, in connection with this action." (See Toliver's May 2, 2011 Ltr.)

Francis recommended that these defendants be dismissed.[4] (Id.) Magistrate Judge Francis found that Toliver's claim against Detective Newkirk was also related to his malicious prosecution allegations and that Detective Newkirk's testimony was integral to the validity of his criminal prosecution, which has not been invalidated, and thus was barred by Heck. (Id. 15-16.) Magistrate Judge Francis recommended that Toliver's claim against Detective Newkirk should be dismissed. (Id.)

### 4. *False Arrest Claims*

Unlike a malicious prosecution claim, false arrest claims do not inevitably undermine a conviction, and therefore Toliver's claims for false arrest do not necessarily fail under Heck because the underlying criminal proceeding has not been invalidated. See Covington v. City of New York, 171 F.3d 117, 123 (2d Cir. 1999).

To state a claim for false arrest under Section 1983, a plaintiff must allege: (1) he was intentionally confined, (2) he was conscious of the confinement, (3) he did not consent to the confinement, and (4) the confinement was not privileged. Shain v. Ellison, 273 F.3d 56, 67 (2d Cir. 2001). "'[T]he existence of probable cause is an absolute defense to a false arrest claim.'" Frigerio v. United States, No. 10 Civ. 9086, 2011 WL 3163330, at *8 (S.D.N.Y. July 22, 2011) (quoting Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006)). Magistrate Judge Francis found that Toliver states a claim for false arrest against Defendants Jose Olmo and Carlos Sanchez, the detectives who arrested Toliver without a warrant.[5] (R&R 14-15.) If Toliver was arrested without a warrant or probable cause, and the police acquired the evidence to convict Toliver not from the papers seized in Toliver's apartment, but rather their own independent investigation, his false arrest claim would not be barred by Heck. (Id.15.)

Magistrate Judge Francis recommended dismissing Toliver's false arrest claims against Detectives Chang, Perri, Donohue, and Fountoulakis, because Toliver's claims arise out of his arrests in 1998, 2004, and 2005, which, as discussed above, are barred by the statute of limitations. (Id. 15.)

---

[4] These defendants were named only in Toliver's 6619 Complaint.
[5] Toliver's claims against Detectives Sanchez and Olmo were raised in his 3165 Complaint.

6

Finally, Magistrate Judge Francis found that Toliver had not stated a claim against any unnamed City Defendant, and therefore recommended dismissing Toliver's claims against Detective John/Jane Doe defendants. (Id. 16.)

In sum, Magistrate Judge Francis recommended that the City Defendants' motion to dismiss be denied with respect to Toliver's false arrest claim against Detectives Carlos Sanchez and Jose Olmo, which was raised in his 3165 Complaint. He recommended that the City Defendants, State Defendants and DA Defendants' motions to dismiss be granted in all other respects. Accordingly, he recommended that Toliver's 6619 Complaint be dismissed in its entirety. (Id. 27.)

  B. Toliver's Request To Amend

Toliver seeks to add new claims—a conspiracy claim, an intentional infliction of emotional distress claim, an unlawful search and seizure claim, and a claim premised upon Monell liability—and new parties to his Complaints.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave when justice so requires." "[I]t is within the sound discretion of the court whether to grant leave to amend." John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994). Under Rule 21 of the Federal Rule of Civil Procedure, new parties may be added "at any time, on just terms." A court may deny leave to amend if the amendment would be futile, such as where the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Magistrate Judge Francis first determined that Toliver's proposed amendments are futile "to the extent that they seek to reallege or elaborate upon his malicious prosecution claim," which cannot adequately be pled for the reasons discussed above. (R&R 18.) Magistrate Judge Francis then turned to Toliver's requests to add new claims.

*1. Toliver's Proposed Conspiracy Claim*

To state a claim for conspiracy under Section 1983, a plaintiff must show: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages." AK Tournament Play, Inc. v. Town of Wallkill, No. 09 Civ. 10579(LAP), 2011 WL 197216, at *3 (S.D.N.Y. Jan. 19, 2011) (quoting Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

Magistrate Judge Francis found that Toliver alleged sufficient additional facts to support a conspiracy claim. (R&R 19.) Specifically, Toliver alleged that Detectives Sanchez and Olmo worked together, and in concert with Sergeant Andrea Hertzberg, to arrest Toliver without a warrant and seize his property. (Id.) Accordingly, Magistrate Judge Francis recommended that Toliver's request to add a conspiracy claim be granted. (Id.)

*2. Toliver's Proposed Intentional Infliction of Emotional Distress Claim*

There are four elements to the tort of intentional infliction of emotional distress under New York law: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996).

Even accepting Toliver's allegations as true, Magistrate Judge Francis found there was no allegation of any conduct that could be considered "extreme and outrageous." (R&R 20.) Accordingly, he recommended that Toliver's request to add an intentional infliction of emotional distress count be denied. (Id. 20-21.)

*3. Toliver's Proposed Unlawful Search and Seizure Claim*

Citizens are "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. As with a false arrest claim, claims for unlawful search and seizure are not inevitably barred by Heck where the underlying conviction remains valid. (R&R 21 (citing Williams v. Ontario Cnty. Sheriff's Dep't, 662 F. Supp. 2d 321, 327 (W.D.N.Y. 2009).) If the

8

plaintiff was convicted based on the property unlawfully seized, however, and that conviction remains valid, then the plaintiff's unlawful search and seizure claim will be barred by Heck.  (Id.)

Magistrate Judge Francis found that the "gravamen of the plaintiff's unlawful search and seizure claim is that the seizure left him unable to properly defend himself at his 2009 trial, resulting in his convictions."  (R&R 22-23.)  Magistrate Judge Francis determined that Toliver's claim is "inextricably tied to the validity of [his] 2009 conviction" and therefore is barred by Heck because his 2009 conviction has not been invalidated.  (Id. 23.)

### 4. *Monell Liability*

A municipal employer can be held liable for its employee's Section 1983 violation when the violation involves the "execution of a government's policy or custom."  Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978).  Municipal liability can arise from "inadequate training, supervision or hiring where the failure to train, hire or supervise amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact."  Charles v. Mount Pleasant Police, No. 11 Civ. 2641(VB), 2011 WL 3251503, at *3 (S.D.N.Y. July 26, 2011).

Toliver alleges that the City of New York was on notice of its detective's illegal conduct in the years before his 2009 arrest and failed to retrain, discipline, fire or otherwise deal with this illegal conduct.  (See Toliver's Proposed Second Amended 6619 Complaint "2d Am. 6619 Compl." 4-6). Accordingly, Magistrate Judge Francis recommended that the Court grant Toliver's request to add a Monell liability claim.  (R&R 24.)

### 5. *New Parties*

Toliver also seeks to amend his Complaints to add as defendants the City of New York, Police Officer Jimmy Angotta, Sergeant Hertzberg, SOMU Sergeant Fanale, SOMU Detective Wendy Santiago, Assistant District Attorney Weitz, and Donna Call and Pamela Gaitor of the New York State Division of Criminal Justice Services.

Magistrate Judge Francis determined that the City of New York is an appropriately-named defendant with respect to Toliver's Monell liability claim and recommended Toliver's request to add the City of New York as a defendant be granted. (R&R 25.) He also determined that Toliver "pled facts sufficient to implicate Sergeant Hertzberg as a participant in the conspiracy against him" and therefore recommended that Toliver's request to add Sergeant Hertzberg as a defendant be granted. (Id.)

Magistrate Judge Francis then recommended that Toliver's requests with respect to Officer Angotta, Sergeant Fanale, and Detective Santiago be denied because "the proposed amended complaints either allege facts only linking them to acts occurring outside the applicable statute of limitations period or, in the case of Officer Angotta, allege no facts whatsoever." (Id. 25-26.) He similarly recommended Toliver's request to add Assistant District Attorney Weitz as a defendant be denied, because Toliver's claim relates only to his 1998 and 2004 prosecutions, which were barred by the statute of limitations and Heck. (Id.) He recommended Toliver's request to add Ms. Call as a defendant be denied because his only allegation against her—that she mailed Toliver a letter related to his sex offender registration—is insufficient to state a claim. (Id.) Finally, he recommended denying Toliver's request to add Ms. Gaitor as a defendant because his only allegation against her is that she testified against him in his 2009 trial and since this claim inevitably undermines his conviction, and his conviction has not been invalidated, his claim is barred by Heck. (Id. 26.)

In sum, Magistrate Judge Francis recommended that the Court grant Toliver's requests to amend his 3165 Complaint to add claims for conspiracy and Monell liability; and to add the City of New York and Sergeant Andrea Hertzberg as defendants. He recommended that the Court deny Toliver's requests to amend his Complaints in all other respects.

**DISCUSSION**

**I. Standard of Review**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has

10

been made to the recommendations of the magistrate judge, the court is obligated to review the contested issues *de novo*. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). The Court, however, "may adopt those portions of the Report [and Recommendation] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y 2000).

Toliver and the City Defendants submitted timely objections to the R&R.

## II. Toliver's Objections

Toliver raises ten objections to Magistrate Judge Francis's R&R. Toliver first objects to the factual recitation that in June, 2005, the Honorable Edward J. McLaughlin of New York Supreme Court determined that Toliver was a "Risk Level 3 (High)" sex offender, thereby requiring registry for the rest of Toliver's life. (Toliver's Objections 12[6] (referring to R&R 4).) Toliver argues that there was no such hearing, and if there was, that it was defective because the Honorable Edward J. McLaughlin was not his sentencing Judge and because his registration requirement should have expired before his hearing, and therefore his subsequent arrest was made without probable cause. (Id.) Toliver's first proposed amended 6619 Complaint attaches documents that show Toliver requested a hearing in 2005 to re-determine his risk level, at which he appeared with counsel before Judge McLaughlin, who determined that Toliver he was a "Risk Level 3" (high) sex offender. (See Am. 6619 Complaint, Ex. N.) Level 3 status mandates Toliver to the Sex Offender Registry for life. See Doe v. Pataki, 481 F.3d 69, 72 (2d Cir. 2007). Accordingly, Toliver's objection is without merit.

Second, Toliver objects to Magistrate Judge Francis's statement that "most" of Toliver's property was vouchered and returned to him, and argues that none of his property was returned; it was all destroyed. (Toliver's Objections 14 (citing R&R 5).) Since all of his property was destroyed, Toliver argues that Magistrate Judge Francis's recommendation that his request to add an unlawful

---

[6] The pages in Toliver's objections are not numbered. The Court's citation to page numbers refers to the docket page numbers.

11

search and seizure claim be denied was erroneous. (Id. 14-15.)[7] Magistrate Judge Francis made this recommendation because he found the gravamen of Toliver's claim to be that his loss of documents left him unable to defend himself at trial, and that this claim necessarily undermines the validity of his 2009 conviction and therefore is barred by Heck. (R&R 22-23.) Toliver's argument that *all* of his documents were seized and destroyed, documents that according to him "obviously show[ed] [his] innocence," makes it clear to the Court that Toliver's claim is, as Magistrate Judge Francis found, barred by Heck and thus is futile. (See 2d Am. 6619 Compl. 8.)

Third, Toliver objects to the factual recitation that Toliver was sentenced to a combined term of twenty-eight months to seven years. (Toliver's Objections 15-16.) Toliver's objection appears to be that this sentence was "illegal" because it was too long. (Id.) Magistrate Judge Francis's determination on the length of sentence is accurate. (See June 14, 2011 Decl. Deitch, Ex. D.) Moreover, the argument about the length of Toliver's sentence is not an issue presently before the Court.

In Toliver's fourth and seventh objections, he argues that both dockets—10 Civ. 3165 and 10 Civ. 6619—should be sustained and that any dismissal of the dockets be stayed. (Toliver's Objections 16-17, 21.) No party has the right to file multiple, duplicative actions. While Magistrate Judge Francis recommended that Toliver's 6619 Complaint be dismissed, he recommended granting Toliver's request to amend his 3165 Complaint to add Toliver's proposed non-futile claims. Therefore, Toliver is not prejudiced by the decision to dismiss 10 Civ. 6619 since the Court is allowing all of his non-futile claims to proceed through 10 Civ. 3165.

---

[7] In Toliver's Second Amended 6619 Complaint he alleges a claim for "loss of all property" in addition to unlawful search and seizure. (See 2d Am. 6619 Compl. 1.) Toliver objects to Magistrate Judge Francis recommended that his lost property claim be dismissed. (Toliver's Objections 14-15.) While Magistrate Judge Francis does not refer to a "loss of property" claim by name, Toliver's allegations that his property was seized and destroyed was properly considered as part of Toliver's unlawful search and seizure claim. See Dockery v. Tucker, No. 97-CV-3584 (ARR), 2006 WL 5893295, at *12 (E.D.N.Y. Sept. 6, 2006) (holding that "plaintiff's destruction of property claims" stemming from "allegations that defendants destroyed and seized his property by unlawfully entering into and searching the Premises" should be analyzed under the Fourth Amendment "which protects against unreasonable searches and seizures by the government.")

Fifth, Toliver objects to Magistrate Judge Francis's determination that Toliver's present action cannot be consolidated with a prior action he filed in this Court in December 2006. (Toliver's Objections 17-19 (citing R&R 10).) The 2006 action was dismissed on March 27, 2007 because Toliver failed to "comply with the requirements of the Prison Litigation Reform Act ["PLRA"] of 1995" and has remained closed since that date. (Am. 3165 Complaint, Ex. E.) Toliver argues that he had mailed the PLRA form, and thus the case never should have been dismissed, and that, in any event, the case was "dismissed without prejudice," therefore he had the right to re-plead his claims. (Toliver's Objections 17-19.) Rather than re-plead his claims, however, or seek to toll the statute of limitations in his former action, Toliver instead waited two to three years[8] before filing the current Complaints. Toliver's claims relating to his 1998, 2004, and 2005 arrests are time-barred, and there is no good reason to grant his request to consolidate his current Complaints with his 2006 complaint to revive those time-barred claims. See Heard v. MTA Metro-North Commuter R.R. Co., No. 02 Civ. 7565(JGK), 2003 WL 22176008, at *3 (S.D.N.Y. 2003) (denying request to consolidate plaintiff's current time-barred action with plaintiff's prior timely complaint because the prior complaint had been dismissed, that case had been closed, and the statute of limitations was never tolled in that action); see also Leach v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., Nos. CV 86–2842(ADS), CV 87–0212(ADS), 1991 WL 90888, at *4 (E.D.N.Y. Feb. 4, 1991) (denying request to consolidate complaints to prevent second action from being untimely where the first action was dismissed for failure to state a claim).

Sixth, Toliver argues that Assistant District Attorney Heather Buchanan and her "Supervisors" should be added as defendants to his conspiracy claim. (Toliver's Objections 19-21.) All of Toliver's allegations against Assistant District Attorney Heather Buchanan relate to his malicious prosecution claim, (see 2d Am. 6619 Compl. 11-12; see generally Amended 6619 Compl.); and that claim is barred

---

[8] As detailed above, Toliver's initial complaint in 10 Civ. 3165 is dated Feb. 21, 2009 but was not received by this Court's Pro Se office until January 4, 2010. See supra n.2.

by Heck. Toliver has not shown that the 2009 prosecution terminated in his favor. See Heck, 512 U.S. at 484. Any amendment seeking to re-allege Toliver's malicious prosecution claim is futile. While Magistrate Judge Francis concluded that Toliver pled sufficient facts to support a conspiracy claim, the conspiracy related to Toliver's alleged 2009 false arrest, not to his alleged malicious prosecution. (See R&R 18-19.) The "personal involvement of [a] defendant[] in [an] alleged constitutional deprivation[ ] is a prerequisite" to a Section 1983 claim. Cunny v. City of New York, No. 99 CIV. 4634(VM), 2001 WL 863431, at *2 (S.D.N.Y. July 31, 2001) (quoting McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977)). Toliver has not alleged any facts to show that Assistant District Attorney Heather Buchanan or her supervisors were personally involved in Toliver's 2009 false arrest or in a conspiracy relating to his 2009 false arrest. Accordingly, Toliver's request to add Assistant District Attorney Heather Buchanan and her supervisors to his conspiracy claim is denied. See Anemone v. Metropolitan Transp. Authority, 629 F.3d 97, 121 (2d Cir. 2011) (finding that "none of the individual Defendants in this case violated Plaintiff's constitutional rights" and therefore they cannot be charged with "conspiring to violate these rights under § 1983").

Eighth, Toliver objects to Magistrate Judge Francis's determination that any request to amend Toliver's complaint to re-allege his malicious prosecution claim would be futile. (Toliver's Objections 22 (citing R&R 18).) As just discussed, Magistrate Judge Francis's recommendation is quite correct. While Toliver argues that he sought to add new claims besides expanding upon his malicious prosecution claim (id.), Magistrate Judge Francis considered these new claims on their merits. (See R&R 18-24.) Accordingly, Toliver's objection is without merit.

Ninth, Toliver objects to Magistrate Judge Francis's finding that Toliver failed to state any "extreme and outrageous" behavior to satisfy an intentional infliction of emotional distress claim. (Toliver's Objections 23-25; see also R&R 19-21.) Toliver argues that it was outrageous for the detectives to notify his neighbors and landlord of his sex offender status, which Toliver alleges led to his eviction. (Toliver's Objections 23-25.) While the conduct is not to Toliver's liking, it is not "so

14

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999) (quoting Howell v. New York Post Co., 81 N.Y.2d 115, 122 (1993)); see also Kirk v. Metropolitan Transp. Authority, No. 99 Civ. 3787 (RWS), 2001 WL 258605, at *8 (S.D.N.Y. Mar. 14, 2001) (dismissing intentional infliction of emotional distress claim even though there was evidence that the officer treated plaintiff roughly, over-tightened his handcuffs, falsely accused him of a crime and threatened him with prosecution, because while the officer's acts "certainly crossed the line of acceptable police practice, as fairly typical examples of excessive force, they do not rise to the level of 'outrageous' such as to support an [intentional infliction of emotional distress] claim.").

Finally, Toliver notes the importance of his 1998 conviction and whether it was a "D" or "E" Felony. (Toliver's Objections 16.) Any Section 1983 claims arising out of his 1998 conviction, however, are barred by the three-year statute of limitations. See Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004). Toliver's claims in this action are raised over ten years after his 1998 conviction; they are time-barred.

**III. The City Defendants' Objections**

The City Defendants object to Magistrate Judge Francis's recommendation that the Court deny the City Defendants' motion to dismiss Toliver's 2009 false arrest claims against Detectives Olmo and Sanchez, and recommendation that the Court grant Toliver's motion to add a conspiracy claim against Detectives Olmo and Sanchez, and Sergeant Andrea Hertzberg, and a municipal liability claim against the City of New York.

The City Defendants argue for the first time in their objections that probable cause existed to arrest Toliver in 2009, which precludes his 2009 false arrest claim. (City Defs. Objections 9-12.) It is inappropriate for the City Defendants to raise new arguments in their objections, which Magistrate Judge Francis did not have the opportunity to consider. See Rodriguez v. Boursiquot, No. 09 Civ. 0802(PAC)(KNF), 2010 WL 985187, at *4 (S.D.N.Y. Mar. 17, 2010); Marache v. Akzo Nobel

Coatings, Inc., No. 08 Civ. 11049, 2010 WL 3731124, at *3 (S.D.N.Y. Sept. 7, 2010).  Further, to make their new argument, the City Defendants refer to documents that have not previously been submitted to the Court.  (See e.g., Decl. Silverberg, Exs. E, F.)  These documents were not attached to Toliver's Complaints; there is no reason to believe that Toliver relied on these documents in drafting his Complaint; and these documents were not incorporated by reference.  Accordingly, the Court excludes these extrinsic documents from its consideration at this juncture.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002).

      Accepting the factual allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam), and interpreting the allegations to raise the strongest argument that they suggest, due to Toliver's pro se status, Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006), the Court finds that Toliver alleges sufficient facts to state a false arrest claim against Detectives Olmo and Sanchez relating to his 2009 arrest.  It is possible that the police acquired the evidence to convict Toliver from their own independent investigation after Toliver was arrested without a warrant, in which case Toliver's false arrest claims will not undermine his conviction. (R&R 14-15.)  Ultimately the evidence may show that the police had probable cause to arrest Toliver, or that Toliver was convicted based on evidence acquired during the arrest, both of which would lead the Court to dismiss Toliver's Complaint.  At this juncture, the Court bases its ruling on the pleadings and finds that Toliver has stated a claim for false arrest against Detectives Olmo and Sanchez relating to his 2009 arrest.

      Second, the City Defendants find error in the recommendation allowing Toliver to amend his 3165 Complaint to add a conspiracy claim.  (City Defs. Objections 13-15.)  The City Defendants argue that Toliver cannot show the violation of a federal right to sustain his Section 1983 conspiracy claim. (Id. 13-14.)  A Section 1983 conspiracy claim must prove an actual violation of constitutional rights. Singer v. Fulton County Sheriff, 63 F.3d 110, 119-20 (2d Cir.1995)   As discussed above, this Court finds that Toliver has adequately pled a false arrest claim, which implicates Toliver's fourth amendment rights. Id.  This provides the basis for his Section 1983 conspiracy claim.

16

The City Defendants also argue that a conspiracy claim is barred by the intra-corporate doctrine. (City Defs. Objections 14-15.) This argument is raised for the first time in the City Defendants' objections and was not considered by Magistrate Judge Francis. Under the intracorporate conspiracy doctrine, officers of a single municipal entity "acting within the scope of his or her employment, are legally incapable of conspiring with each other." Daniel v. Long Island Hous. P'ship, No 08-CV-01455 (JFB) (WDW), 2009 U.S. Dist. LEXIS 20251, at *28 (E.D.N.Y. Mar. 13, 2009). While this is true, there is an exception where the defendants are acting in their personal, rather than official capacities. See Quinn v. Nassau Cnty. Police Dep't, 53 F.Supp.2d 347, 360 (E.D.N.Y. 1999).

Toliver alleges that he is suing the defendants in both their individual and official capacities. (2d Am. 6619 Compl. 3.) He alleges that Detectives Sanchez and Olmo were angered by his complaints against them made to the Civilian Complaint Review Board and the Civil Rights Unit of the Southern District U.S. Attorney's Office, and worked together, and in concert with Sergeant Andrea Hertzberg to arrest Toliver without a warrant. (R&R 19 (citing Am. 3165 Complaint, Exs. CCRB Complaint dated Oct. 30, 2007, Civil Rights Complaint Form dated Oct. 30, 2007).) These allegations are sufficient to show that the defendants may have been acting in their personal capacity when they conspired to arrest Toliver without a warrant. The Court cannot presently say as a matter of law that the intra-corporate doctrine would bar Toliver's claim.

Finally, the City Defendants argue that it was inappropriate to add the City of New York as a defendant to Toliver's Monell claim. (City Defs. Objections 15-19.) The City Defendants argue that Toliver has not plausibly identified and alleged the existence of any City policy or practice that caused a violation of his rights and that the City cannot be held liable on a respondeat superior theory. (Id. 15-17.) A policy may be inferred "from circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction, . . . or evidence that the municipality had notice of but repeatedly failed to make any meaningful investigation into charges that police officers had used excessive force in violation of

17

the complainants' civil rights." Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991) (internal citations omitted). In Toliver's proposed second amended complaint he alleges that he put the City of New York on notice of each of his alleged unlawful and baseless arrests, and that the City of New York continued its "illegal policies and practices" of allowing its officers to repeatedly "harass and illegally arrest plaintiff." (2d Am. 6619 Compl. 9-11.) He alleges that the City failed to "retrain[ ], discipline[ ], fire[ ] or otherwise" deal with its officers' alleged unconstitutional conduct, which amounted to deliberate indifference. (Id.) At this early juncture, and interpreting Toliver's allegations to raise the strongest argument that they suggest, the Court finds Toliver's allegations sufficient to infer a City of New York policy. See Castilla v. City of New York, No. 09 Civ. 5446 SHS, 2011 WL 4345934, at *4-5 (S.D.N.Y. Aug. 22, 2011).[9]

The City Defendants also argue that Toliver has not "establish a causal connection-an 'affirmative link'-between the policy and the deprivation of his constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985). As detailed above, Toliver alleges that the City of New York's failure to retrain its officers displayed a deliberate indifference towards its officers' repeated illegal arrests, including Toliver's 2009 false arrest. (See 2d Am. 6619 Compl. 10-11.) Due to the City's failure to retrain its officers, Toliver alleges that he was repeatedly subject to false arrest, including his 2009 false arrest. Accepting Toliver's allegations as true for the purposes of this motion, the Court finds that Toliver has adequately stated a causal connection between the alleged policy and his false arrest claims.

The City Defendants argue that Toliver's arguments concerning the City's purported failure to train its officers are inadequate. The Court interprets Toliver's allegations to argue that the City of New York is repeatedly faced with issues relating to his sex offender registration, that Toliver put the City on notice that it frequently harassed and falsely arrested him when he was not in violation of his sex

---

[9] While the City Defendants repeat their argument that Toliver has not established that any constitutional right was violated, this argument fails because the Court finds Toliver has stated a claim for false arrest, as discussed above.

offender registration requirements, and that despite his repeated notifications, that the City and its officers continued to repeatedly, and illegally, arrest Toliver, each time causing a deprivation of Toliver's constitutional rights.  (2d Am. 6619 Compl. 9-11.)  Accepting Toliver's factual allegations as true, and interpreting his allegations to raise the strongest argument that they suggest, the Court finds that Toliver's has alleged sufficient facts to state a Monell liability claim against the City of New York, and thus grants Toliver's request to amend his 3165 Complaint to add this claim and the City of New York as a defendant.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Francis's R&R in its entirety. The defendants' motions to dismiss (10 Civ. 6619, Nos. 24, 42, 45, 46)  are DENIED with respect to Toliver's 2009 false arrest claim in 10 Civ. 3165 against Detectives Carlos Sanchez and Jose Olmo. Defendants' motions to dismiss are GRANTED in all other respects.[10]  Toliver's motion to amend 10 Civ. 3165 to add claims for conspiracy and Monell liability, and add the City of New York and Sergeant Andrea Hertzberg as defendants is GRANTED.  Toliver's request to otherwise amend is DENIED in all respects.  The Clerk of Court is directed to terminate defendants' objections to the R&R, filed as a motion to dismiss (10 Civ. 3165, No. 57).

Toliver's complaint in 10 Civ. 6619 is dismissed in its entirety.  The Clerk of Court is directed to close the 10 Civ. 6619 matter.

---

[10] Therefore, the following defendants are dismissed: the NYPD, the NYPD's 20th Precinct, the NYPD's Sex Offender Monitoring Unit, NYPD Detectives Ellen Seeliger Chang, Patrick Perri, Lisa-Marie Newkirk, James Donohue, George Foutoulakis, any John/Jane Does, the State of New York, the New York State Division of Criminal Justice Services, the New York County District Attorney's Office, Assistant District Attorneys Marcy Chelemow, Jennifer Lowry, Florence Chapin, Heather Buchanon, and Amy Belger.

Toliver is directed to file an amended pleading in 10 Civ. 3165, in conformance with the above ruling, by December 19, 2011. The reference in this matter to Magistrate Judge Francis continues for general pretrial matters and dispositive motions.

Dated: New York, New York
October 18, 2011

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies to:

Michel Toliver
10-A-4564
Shawangunk Correctional Facility
P.O. Box. 700
Wallkill, New York 12589

Sarah H. Hines, Esq.
Assistant District Attorney
1 Hogan Place
New York, New York 10013

Steven M. Silverberg, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007

Adam W. Deitch, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007

20