UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
MICHEL TOLIVER,                                        :
                                                       :
              Plaintiff,                            :
                                                       :
         - against -                              :
                                                       :
THE CITY OF NEW YORK, THE STATE                        :
OF NEW YORK, THE NEW YORK                              :
CITY POLICE DEPT. HDQ, S.O.M.U.                        :
NEW YORK CITY POLICE DEPT.,                            :
DIVISION OF CRIMINAL JUSTICE                           :
SERVICES, D.C.J.S. MANAGER                             :
PAMELA GAITOR, D.C.J.S. DIRECTOR                       :
DONNA CALL, COMMISSIONER                               :
OF N.Y.P.D., SOMU DETECTIVES                           :
OLMO, SANCHEZ, NEWKIRK,                                :
PERRI, FOUNTOULAKIS, SERGEANT                          :
JAMES DONOHUE, WENDY                                   :
SANTIAGO, SERGEANT HERZBERG,                           :
NEW YORK STATE DIVISION OF                             :
PAROLE, POLICE OFFICER ELLEN                           :
SEELIGER SHIELD #8931,                                 :
20TH PRECINCT N.Y.P.D., DETECTIVE                 :
JIMMY ANGOTTA,                                         :
SOMU OFFICE NEW YORK CITY,                             :
                                                       :
              Defendants.                           :
------------------------------------------------------ x

U.S.D.C. S.D.N.Y.
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  March 21, 2013

10 Civ. 3165 (PAC) (JCF)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Pro se plaintiff Michel Toliver's remaining claim in this 42 U.S.C. § 1983 action against Detectives Carlos Sanchez and Jose Olmo of the New York City Police Department's Sex Offender Monitoring Unit ("SOMU") for false arrest in 2009. Detectives Sanchez and Olmo have moved pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings. On December 10, 2012, Magistrate Judge James C. Francis IV issued a Report & Recommendation ("R&R") that Defendants' motion be denied. Defendants did not file objections, and Judge Francis's analysis

1

may be adopted, "so long as there is no clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016, 2011 U.S. Dist. LEXIS 14045, 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011). The Court has reviewed the R&R for clear error and finds none. Accordingly, the Court adopts Judge Francis's R&R in its entirety, and Detectives Sanchez and Olmo's motion is DENIED.

## BACKGROUND[1]

### I. Facts

On March 18, 2009, without a warrant, Detectives Sanchez and Olmo came to the plaintiff's apartment at around 6:30 A.M., and with guns drawn, kicked open Toliver's bedroom door, and handcuffed him. He was formally arrested at 11:30 A.M. for failure to register as a sex offender. Toliver alleges that the detectives arrested him in retaliation for complaints and lawsuits that he had filed against them, and that they learned about his failure to register only after the arrest. Toliver was indicted, tried, and ultimately convicted on four counts of failing to register in violation of New York Correction Law § 168-f. He is currently serving a combined term of up to seven years.

### II. Procedural History

The Pro Se office received Toliver's complaint on January 4, 2010. (ECF No. 1.) Toliver submitted a proposed amended complaint on January 24, 2011. (ECF No. 38.) Toliver alleged that he was subject to false arrest and malicious prosecution in 1998, 2004, 2005, and 2009. Each incident arose in part from Mr. Toliver's alleged failure to register as a sex offender in violation of the New York Sex Offender Registration Act ("SORA"). N.Y. Correct. Law § 168 et seq. This case was consolidated with a related case, No. 10 Civ. 6619. (ECF No. 53.) On

---

[1] All the facts are taken from the R&R unless otherwise indicated. Those facts are based on the allegations of the complaint which are taken as true for the purposes of the 12(c) motion.

October 18, 2011, the Court adopted Judge Francis's September 15, 2011 R&R, dismissing Toliver's claims based on the 1998, 2004, and 2005 arrests, in addition to other claims. (ECF No. 61.) Only the 2009 false arrest claim against Detectives Sanchez and Olmo remain. Defendants filed an answer to the Complaint on February 7, 2012, which included exhibits supporting their affirmative defense that there was probable cause for the 2009 arrest. (ECF No. 75.) Defendants now move for judgment on the pleadings. Magistrate Judge Francis issued an R&R on December 10, 2012 that Defendants' motion should be denied.

## DISCUSSION

### I. Successive Motions to Dismiss and the Rule 12(c) Standard

Judge Francis found that Defendants' previous 12(b)(6) motion did not bar their current Rule 12(c) motion. (R&R at 7-8.) Rule 12(g)(2) of the Federal Rules of Civil Procedure states that "a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion," but Rule 12(c) motions for failure to state a claim are exempt from this prohibition. Fed. R. Civ. 12(h)(2)(B); Derisme v. Hunt Leibert Jacobson, PC, 2010 U.S. Dist. LEXIS 87966, at *12-13 (D.Conn. Aug. 26, 2010). There was no error in Judge Francis's determination. The standard for judgment on the pleadings under Rule 12(c) is the same standard that applies to Rule 12(b)(6) motions. The facts alleged in the complaint are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011).

### II. Documents to be Considered

When ruling on a motion to dismiss, courts must limit their consideration to the complaint, documents attached or incorporated by reference, matters of which judicial notice

may be taken, and documents upon which the plaintiff relied in drafting the complaint. See Tarshis v. Reise Org., 211 F.3d 30, 39 (2d Cir. 2000).  Matters that can be judicially noticed are those not subject to reasonable dispute because they "can be accurately and readily be determined from sources whose accuracy cannot reasonably be questioned."  See Fed. R. Evid. 201(b).  Applying the standard, Judge Francis took notice of the 2004 and 2009 arrest reports, a conviction disposition, and an order from a New York State judge.  (R&R 10-11 (citing Hayes v. Perotta, 751 F. Supp. 2d 597, 599 (S.D.N.Y. 2010).)  Judge Francis did not take judicial notice of a witness affidavit, a SOMU case history, and related documents because they "are not matters of public record whose accuracy is beyond question."  (Id. at 11.)  Further, these documents were not referenced or relied upon in Plaintiff's complaint.

Additional matters outside the pleadings may be considered only if the motion to dismiss is converted to a motion for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  Judge Francis recommended that the Court decline to convert the present motion because discovery has not yet been completed and could refute Defendants' probable cause defense.  (R&R 13-14 (citing Priestley v. Headminder, Inc., 647 F.3d 497, 504 (2d Cir. 2011).)   There is no clear error in this recommendation.

### III. False Arrest Claim

A 42 U.S.C. § 1983 for false arrest in New York requires a plaintiff to show that (1) he was intentionally confined, (2) he was conscious of the confinement, (3) he did not consent to the confinement, and (4) the confinement was not privileged.  Weyant v. Okst, 101 F.3d 845, 853 (2d Cir. 1996) (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995)).  The existence of probable cause is an absolute defense to a claim of false arrest.  Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006).  "Probable cause to arrest exists when the officers have

knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." Zellner v. Summerlin, 494 F.3d 344, 368-69 (2d Cir. 2007) (citations omitted).  Probable cause is determined objectively by the facts known to the arresting officer, or through the collective knowledge of the officer and other law enforcement officials involved with the investigation.  Id. at 369.  In addition, an officer may be entitled to a defense of qualified immunity when there is "arguable probable cause," that is, when it was reasonable for the officer to believe that probable cause existed, or when officers of reasonable competence could disagree on whether probable cause existed.  Cerrone v. Brown, 246 F.3d 194, 202-03 (2d Cir. 2001).

Judge Francis determined that the judicially noticed documents did not refute Toliver's contention that the detectives lacked probable cause.  (R&R at 17.)  The documents were unclear about whether the officers knew of Toliver's alleged failure to register with SOMU prior to entering his apartment.  (Id.)  Judge Francis noted, however, that the remaining documents, of which he did not take judicial notice, "may ultimately provide sufficient evidence for probable cause."  (R&R at 17-18.)  Therefore, Judge Francis concluded that while further discovery may support a probable cause or qualified immunity defense, at this stage, Defendants' motion to dismiss should be denied.  (Id. at 18.)  The Court finds no clear error in this analysis.

### IV. Collateral Estoppel

Next, Judge Francis addressed Defendants' argument that Toliver's conviction in New York State Supreme Court bars his present false arrest claim under the doctrine of collateral estoppel.  (R&R at 18.)  The essential elements of collateral estoppel are "first, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and

second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." <u>Jenkins v. City of New York</u>, 478 F.3d 76, 85 (2d Cir. 2007) (citations omitted).  Applying the standard, Judge Francis determined that Defendants failed to show the first element, because Toliver's "conviction does not necessarily establish that the state court found probable cause for his arrest."  (R&R at 19 (citing <u>Cameron v. Fogarty</u>, 806 F.2d 380, 385 (2d Cir. 1986).)  There was no clear error in this determination.

## V.  Notice Requirements

Finally, Judge Francis addressed Defendants' claim that Toliver failed to comply with the notice of claim requirements under New York law.  (R&R at 19-21.)  When a state law claim is raised in federal court, the state notice of claim statute applies.  <u>Hardy v. New York City Health and Hospitals Corp.</u>, 164 F.3d 789, 793 (2d Cir. 1999).   Under Section 50 of New York General Municipal Law, the plaintiff must serve notice of claim within ninety days after the claim arose before commencing a tort action against a municipality, its officers, agents, or employees.  N.Y. Gen. Mun. Law § 50(e), (i).  "A plaintiff must plead in the complaint that: (1) the Notice of Claim was served; (2) at least thirty days has elapsed since the Notice of Claim was filed and before the complaint was filed; and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim."  <u>Horvath v. Daniel</u>, 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006).

Judge Francis noted Defendants' argument that Toliver failed to plead the notice of claim requirements, but nonetheless recommended permitting Toliver's claim to proceed.  (R&R at 20-21.)  Toliver asserted that he had sent almost fifteen notices of claim, including a timely notice, but that he had misplaced the acknowledgements of receipt of his notices from the City.   In light of Toliver's <u>pro se</u> status and some evidence suggesting that Toliver complied with the requirements, Judge Francis concluded that "Defendants' motion should be denied until the

record is developed after discovery." (Id. at 21 (citing P. Opp.(2) at 19-22).) There was no clear error in this determination.

### VI. Toliver's Letter Dated February 10, 2013

The Court received a letter from Toliver, dated February 10, 2013 and filed February 28, 2013. (ECF No. 106.) In the letter, Toliver reports that he has filed an objection to the December 10, 2012 R&R but it was not accepted or indicated on the docket sheet. (Id.) Since Judge Francis's R&R recommends that the Court deny Defendants' motion to dismiss, which is a conclusion that is in Toliver's favor, the Court finds it unnecessary to file an objection. Nonetheless, if Toliver wishes, he may (re)submit his objection for filing.

### CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Francis's R&R in its entirety. Defendants' motion to dismiss is DENIED. The reference in this matter to Magistrate Judge Francis continues for general pretrial matters and dispositive motions.

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Dated:   New York, New York
         March 21, 2013

Copies mailed this date to:
Michel Toliver
10-A-4565
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12593