UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                   :

MICHEL TOLIVER,                   :

          Plaintiff,       :

    -against-            :

THE CITY OF NEW YORK, THE STATE OF  :
NEW YORK, THE NEW YORK CITY     :
POLICE DEPT. HDQ, S.O.M.U. NEW YORK  :
CITY POLICE DEPT., DIVISION OF    :
CRIMINAL JUSTICE SERVICES, D.C.J.S.  :
MANAGER PAMELA GAITOR, D.C.J.S.  :
DIRECTOR DONNA CALL,       :
COMMISSIONER OF N.Y.P.D., SOMU   :
DETECTIVES OLMO, SANCHEZ,     :
NEWKIRK, PERRI, FOUNTOULAKIS,   :
SERGEANT JAMES DONOHUE, WENDY  :
SANTIAGO, SERGEANT HERZBERG,   :
NEW YORK STATE DIVISION OF     :
PAROLE, POLICE OFFICER ELLEN    :
SEELIGER Shield #8931, 20th PRECINCT :
N.Y.P.D., DETECTIVE JIMMY ANGOTTA, :
SOMU OFFICE NEW YORK CITY,    :

          Defendants.     :
                                     :
----------------------------------------------------------X

10 Civ. 3165 (PAC) (JCF)

<u>ORDER ADOPTING REPORT &</u>
<u>RECOMMENDATION</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **3-24-14**

HONORABLE PAUL A. CROTTY, United States District Judge:

    *Pro se* Plaintiff Michel Toliver ("Plaintiff") brings this 42 U.S.C. § 1983 action against

Detectives Jose Olmo and Carlos Sanchez (the "Defendants") of the New York City Police

Department ("NYPD") Sex Offender Monitoring Unit ("SOMU"), alleging that on March 18,

2009, he was subject to a false arrest for failing to register as a sex offender in violation of the

Sex Offender Registration Act, N.Y. Corr. Law § 168 *et seq.* ("SORA").[1] Toliver alleges

Defendants arrested him without a warrant or probable cause.

---

[1] All other claims were dismissed pursuant to an order of this Court dated October 18, 2011. (Dkt. 61.)

On June 21, 2013, Defendants moved for summary judgment.  Magistrate Judge Francis granted Plaintiff two extensions of time to submit an opposition brief, but Plaintiff failed to submit one.  On November 14, 2013, Magistrate Judge Francis held a hearing on Defendants' motion for summary judgment to clarify whether the information Defendants relied upon to arrest Plaintiff established probable cause.  On December 13, 2013, Magistrate Judge Francis issued a Report & Recommendation ("R&R") recommending the Court grant Defendants' motion.

Plaintiff objects to Magistrate Judge Francis's R&R: (1) Plaintiff was prejudiced with respect to the November 14, 2013 hearing because he did not receive notice until one day prior and did not have enough time to prepare for cross-examination of witnesses; (2) the facts in the record do not support a finding of probable cause; and (3) the Defendants have not offered any evidence of communications between each other sufficient to show that their collective knowledge supported a finding of probable cause.  Defendants urge the Court to adopt Magistrate Judge Francis's R&R.

For the reasons that follow, the Court adopts Magistrate Judge Francis's R&R in its entirety.  Accordingly, the Court grants Defendants' motion for summary judgment.

## DISCUSSION[2]

### I. Legal Standards

#### A. Review of Magistrate Judge Francis's R&R

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where a party makes a timely written objection, the district court must review the contested issues *de novo.  See Arista Records LLC v. Doe*, 604 F.3d 110, 116 (2d Cir. 2010) ("any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).  Nonetheless, where a party "makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).  "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted)

#### B. Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is appropriate when, construing the evidence in the light most favorable to the non-moving party, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).  The moving party bears the initial burden of producing evidence

---

[2] For the facts of this case, see Magistrate Judge Francis's R&R.  For the sake of consistency, this opinion uses the same notation for citations to the record as the R&R.

on each material element of its claim demonstrating that it is entitled to relief. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made an initial showing that no genuine dispute of material fact remains, the nonmoving party must present specific evidence in support of its contention that there is a genuine dispute as to material facts. Fed. R. Civ. P. 56(c). Conclusory or speculative allegations, however, are insufficient. *See Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). The Court must resolve all ambiguities and draw all factual inferences in favor of the nonmovant, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Court must "'read [*pro se* plaintiff's] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" *Perry v. Stephens*, 659 F. Supp. 2d 577 (S.D.N.Y. 2009) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## II. Analysis

The Court has reviewed the record, including the parties' submissions, the R&R, and Plaintiff's objections.[3]  Because Plaintiff objects to specific factual findings in the R&R, the Court reviews these issues *de novo*.

### A. The November 14, 2013 Hearing

Plaintiff argues that Magistrate Judge Francis should not have relied on testimony from the November 14, 2013 hearing in his R&R, since Plaintiff allegedly did not receive notice of the hearing until one day prior, and Defendants were aided by the "Corporation Counsel with unlimited sources and resources" while Plaintiff is *pro se* and incarcerated. (Pl. Obj. Ltr. at 20.) There is no reason to reject the R&R on this basis. The docket reflects that on October 31, 2014, Magistrate Judge Francis scheduled the hearing, and Chambers mailed copies of the scheduling

---

[3] In light of Plaintiff's *pro se* status and the fact that Plaintiff notified the Court, well in advance of the deadline, that his objections were still in the mail room (Dkt. 132), the Court has considered Plaintiff's objections notwithstanding their untimely filing.

4

order to Plaintiff on November 1, 2014. (Dkt. 127.) On November 4, 2014, Magistrate Judge

Francis issued an order to produce Plaintiff for the hearing. (Dkt. 128.) Plaintiff did not raise any

objection to the November 14 date for the hearing upon receiving notice, nor did he request that

the hearing be rescheduled. The transcript reflects that Plaintiff participated in the hearing and

was able to cross-examine the witness, Detective Sanchez. Plaintiff never raised any prior

objection to the hearing on the record. Furthermore, as discussed below, the evidence elicited at

the hearing is confirmed by affidavits and other evidence showing Defendants' probable cause to

arrest Plaintiff.

### B. Probable Cause Finding

Plaintiff objects to facts relating to the Defendants' investigation of Plaintiff leading up to

his arrest for failing to register as a sex offender. Plaintiff's objections do not warrant rejecting

the conclusions in the R&R.

The record clearly establishes that Detective Sanchez had probable cause to arrest

Plaintiff based on Sanchez's personal involvement in his case. Plaintiff does not specifically

dispute that Detective Sanchez (1) knew that Plaintiff failed to appear for his re-registration

meeting on July 14, 2008 (Tr. at 12–13; see also Def.'s 56.1 Stmt. ¶ 19); (2) went to 894

Riverside Drive where he discovered Plaintiff was currently residing (Sanchez Aff., ¶¶ 23, 28;

Tr. 19–20, 22-23); and (3) knew that Plaintiff never advised SOMU of this new address as

required by SORA (Sanchez Aff., ¶¶ 21, 22; Tr. at 19). Plaintiff instead argues that Detective

Sanchez's knowledge of Plaintiff's case is unreliable because Toliver's case file is not in the

record, and entries may have been incorrect. This assertion does not raise a genuine dispute.

Plaintiff's SOMU case file *is* in the record. (See Silverberg Decl. Ex. F.) The case file clearly

indicates that Plaintiff failed to appear on July 14, 2008 for his re-registration meeting (*Id.* at 3),

and Sanchez knew he failed to appear (Tr. at 12–13).  Sanchez also knew that Toliver's "current" address on file with SOMU was 545 West 146th Street, New York, NY (Sanchez Aff., 18; Tr. at 13-14), and the 894 Riverside Drive address was not on file.  (Def's Rule 56.1 Stmt. ¶ 21; Tr. 17, 19-20).

Taken together, the facts that Detective Sanchez knew from his own personal involvement in the investigation provided probable cause to arrest Plaintiff for failing to register as a sex offender in violation of SORA.[4]

## C.  Collective Knowledge Doctrine

As noted above, Detective Sanchez had probable cause to arrest Plaintiff for violating SORA based on his own personal involvement in the case.  Reliance on the collective knowledge doctrine is therefore unnecessary, and facts about communications between the officers are immaterial.  Issues pertaining to Detective Olmo's knowledge are also immaterial, since Detectives Sanchez and Olmo were together when they found Toliver and brought him to the SOMU office (Sanchez Aff. ¶ 28), and Detective Olmo was not the arresting officer; Sanchez was (Tr. 24).

---

[4] Plaintiff's remaining objections relate to the information Detective Sanchez gained through collective knowledge. Under the collective knowledge doctrine, in arresting Toliver Detective Sanchez was entitled to rely on the knowledge of other officials cooperating in the same investigation. *See Savino v. City of New York*, 331 F.3d 63, 74 (2d Cir. 2003).  The record indicates that Detective Sanchez was aware of other officers' unsuccessful efforts to locate Plaintiff, such as running database searches (Sanchez Aff. ¶¶ 15, 18), visiting his last known address of 545 West 146th Street and obtaining a resident's statement that Plaintiff did not reside there (*Id.* ¶ 18; Tr. at 13-14); and sending an address verification form that was returned as "undeliverable" (Sanchez Aff. ¶ 27).  Plaintiff's disputes as to these facts are not genuine because they are conclusory allegations, unsupported by the record. The disputed facts are also immaterial because Detective Sanchez's personal involvement alone was sufficient to establish probable cause.

**D. State Law Claims**

Toliver does not object to Magistrate Judge Francis's recommendation that Toliver's supplemental state law claims be dismissed.  Finding no clear error, the Court adopts this recommendation.

## CONCLUSION

Having reviewed the record *de novo* as to the issues raised in Plaintiff's objections and finding Plaintiff's objections without merit, this Court adopts Magistrate Judge Francis's R&R in its entirety.  The Court grants Defendants' motion for summary judgment.  The Clerk of Court is directed to enter judgment and close this case.  Pursuant to 28 U.S.C § 1915(a), the Court finds that any appeal from this order would not be taken in good faith.

Dated: New York, New York
      March 24, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Michel Toliver
10-A-4565
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, NY 14541